

# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| TERRY PHILLIP CROW,<br>    Plaintiff,<br>v.<br>OLD REPUBLIC GENERAL INSURANCE<br>CORPORATION,<br>    Defendant, and<br>GALLAGHER BASSETT SERVICES INC,<br>    Defendant. | **No. CJ-2017-3461**<br>**(Civil relief more than $10,000: STRICT LIABILITY)**<br><br>Filed: 08/30/2017<br><br>Judge: Kuehn, Dana |

# PARTIES

CROW,  TERRY  PHILLIP, Plaintiff
GALLAGHER BASSETT SERVICES INC, Defendant
OLD REPUBLIC GENERAL INSURANCE CORPORATION, Defendant

# ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| ROBERTS,  CURTIS (Bar #19923)<br>900 WILLIAMS CENTER TOWER II<br>2 WEST 2ND STREET<br>TULSA, OK 74103 | OLD REPUBLIC GENERAL INSURANCE CORPORATION, |
| SMOLEN,  DONALD  E  II (Bar #19944)<br>SMOLEN,SMOLEN & ROYTMAN PLLC<br>701 S CINCINNATI AVE<br>TULSA, OK 74119 | CROW,  TERRY  PHILLIP |

# EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.



**Issue # 1.**   Issue: STRICT LIABILITY (LIABLE)
Filed By: CROW, TERRY PHILLIP
Filed Date: 08/30/2017

**Party Name**                                    **Disposition Information**

<u>Defendant:</u>
OLD REPUBLIC GENERAL INSURANCE CORPORATION
<u>Defendant:</u>  GALLAGHER BASSETT SERVICES INC

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 08-30-2017 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 08-30-2017 | LIABLE | STRICT LIABILITY | | | |
| 08-30-2017 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 08-30-2017 | PFE1 | PETITION<br>Document Available (#1037893454) 🖹TIFF  📄PDF | | | $ 163.00 |
| 08-30-2017 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 08-30-2017 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 08-30-2017 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 08-30-2017 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 08-30-2017 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 08-30-2017 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 08-30-2017 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 08-30-2017 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 08-30-2017 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 08-30-2017 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 08-30-2017 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 08-30-2017 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 08-30-2017 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 08-30-2017 | SMF | SUMMONS FEE (CLERKS FEE)-2 | | | $ 20.00 |
| 08-30-2017 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 08-30-2017 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | |
| 08-30-2017 | ACCOUNT | RECEIPT # 2017-3625379 ON 08/30/2017. PAYOR: SMOLEN SMOLEN &ROYTMAN TOTAL AMOUNT PAID: $ 252.14. LINE ITEMS: CJ-2017-3461: $183.00 ON AC01 CLERK FEES. CJ-2017-3461: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2017-3461: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2017-3461: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2017-3461: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2017-3461: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2017-3461: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2017-3461: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2017-3461: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2017-3461: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2017-3461: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 09-08-2017 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. / FOR GULLAGHER BASSETT SERVICES LLC / CERT MAIL / SIGNED G PARRISH / ON 9-5-17 Document Available (#1037890103) 🗎TIFF 📄PDF | | GALLAGHER BASSETT SERVICES INC | |
| 09-08-2017 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. OLD REPUBLIC GENERAL INS CORP / BY CERT MAIL / SIGNED PEGGY KELLY / 9-5-17 Document Available (#1037890281) 🗎TIFF 📄PDF | | OLD REPUBLIC GENERAL INSURANCE CORPORATION | |
| 09-22-2017 | A | DEFENDANT GALLAGHER BASSETT SERVICES INC'S ORIGINAL ANSWER / CERTIFICATE OF SERVICE Document Unavailable (#1038300633) | | GALLAGHER BASSETT SERVICES INC | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 09-22-2017 | A | DEFENDANT OLD REPUBLIC GENERAL INSURANCE CORPORATIONS' ANSWER TO PLAINTIFF'S PETITION / CERT OF SERVICE / COVER SHEET Document Unavailable (#1038300566) | | OLD REPUBLIC GENERAL INSURANCE CORPORATION | |



DISTRICT COURT
**F I L E D**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY 2017
STATE OF OKLAHOMA

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| **TERRY PHILLIP CROW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **OLD REPUBLIC GENERAL INSURANCE** | ) |
| **CORPORATION, a Foreign Corporation;** | ) |
| **AND GALLAGHER BASSETT SERVICES,** | ) |
| **INC., a Foreign Corporation,** | ) |
| | ) |
| **Defendants.** | ) |

**CJ-2017-03461**

ATTORNEY LIEN CLAIMED

DANA LYNN KUEHN

### PETITION

**COMES NOW** the Plaintiff, Terry Phillip Crow, and for his cause of action against the

Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in Tulsa County,

Oklahoma.

2. Defendant Old Republic General Insurance Corporation ("Old Republic"), is a foreign

corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

3. Defendant Gallagher Bassett Services, Inc. ("Gallagher") is a foreign corporation doing

business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

4. The accident and injury that gave rise to this litigation occurred in Oklahoma County,

Oklahoma.

5. As such, this Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

1

## STATEMENT OF FACTS

6.   Paragraphs 1-5 are incorporated herein by reference.

7.   On or around November 9, 2015, Plaintiff Crow was employed by Keystone Services.

8.   On said date, Plaintiff was acting in the course and scope of his employment operating a motor vehicle heading westbound on Interstate 40 in Oklahoma City.

9.   At the same time, one Tanner Cargill was also heading westbound on Interstate 40 when he negligently rear-ended Mr. Crow, resulting in serious personal injury to the Plaintiff.

10. The vehicle Plaintiff was operating at the time of his accident was covered by a commercial insurance policy written by Defendant Old Republic. Said policy included coverage for uninsured/underinsured motorist ("UM") benefits.

11. Plaintiff advised Defendant Old Republic, through Defendant Gallagher, of his intent to pursue a claim for UM benefits under the applicable policy.  Plaintiff was advised that all claims submitted for UM benefits under the applicable Old Republic policy were administered by a third-party administrator, Defendant Gallagher.

12. Defendant Gallagher had (and continues to have) a high degree of involvement with Plaintiff's claim, including investigating Plaintiff's loss and – upon information and belief based on representations made by Defendants concerning their relationship – had primary control to direct Plaintiff and determine what payments, if any, would be made under the policy.

13. Upon information and belief that will be confirmed through discovery, Gallagher's compensation from Old Republic was, at all times relevant hereto, tied to premiums paid and the manner in which claims were adjusted, meaning the approval or denial of claims.

14. Upon information and belief that will be confirmed through discovery, Gallagher assumed much of the risk for its determinations.

15. Plaintiff submitted a UM demand to Defendants Old Republic/Gallagher on or around June 2, 2017.  Included within this demand was a copy of all applicable medical records and bills, and a medical authorization so that Defendants could obtain the relevant medical records independently if they chose.

16. Notably, the records and bills submitted to Defendants indicated that Plaintiff had incurred over $140,000 in medical bills and that he had to undergo a two (2) level fusion surgery as a result of the accident. Mr. Cargill's liability carrier, Liberty Mutual, had already tendered its policy limits of $100,000 based on these records and bills.  Plaintiff requested Defendants either pay the value of the claim within 30 days, or advise if any additional documentation was needed.

17. Defendants offered $50,000 in satisfaction of Plaintiff's claim, asserting that they were not giving consideration to the medical bills as those were paid by Plaintiff's employer's workers' compensation carrier. Further, Defendants advised that they took issue with causation, citing the fact that they understood Plaintiff had previously been the victim of assault which, theoretically, could have caused some kind of pre-existing injury.

18. Plaintiff, by and through his counsel, advised Defendants that in Oklahoma, workers' compensation was considered a collateral source and could not be considered as an offset in evaluating Plaintiff's UM claim. Further, he pointed out that Plaintiff's treating neurosurgeon believed that Plaintiff's injury and need for surgery resulted directly from this accident. He requested that Defendants reconsider their evaluation of Plaintiff's claim and advise specifically what they were and were not considering in their evaluation. He also requested that if Defendants needed any additional information to evaluate Plaintiff's claim, they let him know.

19. On August 21, 2017, Defendants advised that they were refusing to reconsider their initial evaluation and offer, stating "this was a minor rear end impact accident," and that they "do not feel

3

this impact was significant enough to cause seriously injuries." They further advised that they "question any lumbar spine injuries from this accident given the mechanisms of a rear end impact" as "biomechanical experts have testified that the lumbar spine is most supported in a rear end collision." Defendants failed to provide any opinion by any physician or expert relative to the actual facts and records in this case.

20. In arriving at the amount due and owing to Plaintiff, Defendants, by and through their agents, unreasonably considered specious, theoretical and irrelevant information to support an undervaluation of Plaintiff's UM claim, while unreasonably ignoring evidence that supports a finding of coverage under the applicable UM policy.

21. In arriving at the amount due and owing to Plaintiff, Defendants, by and through their agents, unreasonably considered that medical damages sustained by Plaintiff were paid by a collateral source, contrary to Oklahoma law.

22. As of the date of this filing, Defendants have failed to tender any and all sums due and owing.

## CAUSE OF ACTION

### COUNT I.    BREACH OF CONTRACT AGAINST ARCH INSURANCE COMPANY

23. Paragraphs 1-24 are incorporated herein by reference.

24. Plaintiff, through operation of Oklahoma law, had a policy of UM coverage with Defendant Old Republic on the vehicle driven by him.

25. That, at the time of the accident, the third party liable for said accident was underinsured by operation of law.

26. That pursuant to the terms of the policy of insurance with Defendant Old Republic this is a factual situation wherein the UM coverage contained in said policy applies to the accident involving Plaintiff.

27. Plaintiff has requested Defendants tender payment under said policies, and Defendants have failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policy.

28.     Defendant Old Republic has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against Defendant Old Republic for the personal injuries sustained while covered by such contract.

## COUNT II.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST ARCH INSURANCE COMPANY AND GALLAGHER BASSETT

29. Paragraphs 1-28 are incorporated herein by reference.

30. Plaintiff, through operation of law, had a policy of UM coverage with Defendants Old Republic/Gallagher on the vehicle driven by him.

31. Plaintiff has requested Defendants Old Republic/Gallagher tender any and all applicable polices of uninsured/underinsured motorist coverage.

32. As of the filing of this action, Defendants have yet to tender any UM benefits owed to Plaintiff.

33. Defendants Old Republic and Gallagher Bassett owed a duty to deal fairly and in good faith with Plaintiff in the handling of his claim for insurance benefits.

34. In their handling of Plaintiff' claim under the insurance policy, and as a matter of routine practice in handling similar claims, Defendants Old Republic and Gallagher Bassett breached their duty to deal fairly with and act in good faith towards Plaintiff and others in the following respects:

    a.  Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendants knew the Plaintiff was entitled to those benefits;

    b.  Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

    c.  Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

    d.  Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

    e.  Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

    f.  Intentionally and recklessly misapplying the provisions of the insurance policy;

    g.  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendants by not paying an amount that it owed by virtue of the insurance contract;

    h.  Failing to properly investigate the Plaintiff's claim for benefits;

    i.  Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

    j.  Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policy including the claims of the Plaintiff; and

k.  Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the

Plaintiff's claim.

35. As a direct result of Defendants breach of contract and breach of the implied covenant of

good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and

emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## COUNT III – PUNITIVE DAMAGES AGAINST ARCH INSURANCE COMPANY AND GALLAGHER BASSETT

36. Paragraphs 1-35 are incorporated herein by reference.

37. Defendants have acted intentionally, maliciously and/or with reckless disregard for the rights

of the Plaintiff.

38. Accordingly, Plaintiff is entitled to recovery punitive damages against Defendants for their

actions set forth herein in an amount in excess of $75,000.00.

**WHEREFORE,** based on the foregoing, Plaintiff prays that this Court grant the relief sought

including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00),

with interest accruing from date of filing of suit, punitive damages and all other relief deemed

appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

Donald E. Smolen, II (OBA# 19944)
Laura L. Hamilton (OBA# 22619)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*





## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
### STATE OF OKLAHOMA

TERRY PHILLIP CROW,                    )
                                       )
            Plaintiff,                 )   **CJ-2017-03461**
                                       )        Case No.
v.                                     )
                                       )   ATTORNEY LIEN CLAIMED
                                       )
OLD REPUBLIC GENERAL INSURANCE         )
CORPORATION, a Foreign Corporation;    )   **DISTRICT COURT**
AND GALLAGHER BASSETT SERVICES,        )   **F I L E D**
INC., a Foreign Corporation,           )
                                       )   SEP - 8 2017
            Defendants.                )
                                           **DON NEWBERRY, Court Clerk**
                                           **STATE OF OKLA. TULSA COUNTY**

### ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

    GALLAGHER BASSETT SERVICES, LLC
    Registered Agent: The Prentice-Hall Corporation System, Oklahoma, Inc.
    10300 Greenbriar Pl.
    Oklahoma City, OK 73159-7653

To the above-named Defendant(s)

        You have been sued by the above named plaintiff(s), and you are directed to file a written
answer to the attached petition and order in the court at the above address within twenty (20) days
after service of this summons upon you exclusive of the day of service. Within the same time, a
copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer
the petition within the time stated judgment will be rendered against you with costs of the action.

        Issued this __30__ day of ____8____, 2017      DON NEWBERRY, Court Clerk

                                       County Court Clerk

                              By    _____
                                       Deputy Court Clerk

(Seal)
        This summons and order was served on

                                    _____
                                    (Signature of person serving summons)

        YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE
CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE
TIME LIMIT STATED IN THIS SUMMONS.
                    **Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2017, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2017, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2017. I certify that the following pers...

Fee for serv...

Dated this ...

I, _____

the return there...

Subscribed to ...

My Commissi...

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gallagher Bassett Services, LLC
RA: The Prentice-Hall Corp.
System, OK, Inc.
10300 Greenbriar Pl.
OKL.OK 73159-7653

9590 9402 2370 6249 6294 68

2. Article Number (Transfer from service label)

7017 0660 0000 3938 3377

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X G. Parish    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
G. Parish    SEP 0 5 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Restricted Delivery
☐ Priority Mail Exp. ress®
☑ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _31st_ day of _Aug._, 2017, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| Gallagher-Bassett Service LLC | 10300 Greenbriar Pl | 9/5/17 |
| c/o The Prentice-Hall corp. | OKC, OK 73159 | |

_____
Signature of person mailing summons





## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

TERRY PHILLIP CROW,                  )
                                     )
            Plaintiff,               )     **CJ-2017-03461**
                                     )     Case No.
v.                                   )
                                     )     ATTORNEY LIEN CLAIMED
                                     )
OLD REPUBLIC GENERAL INSURANCE       )
CORPORATION, a Foreign Corporation;  )     **DANA LYNN KUEHN**
AND GALLAGHER BASSETT SERVICES,      )
INC., a Foreign Corporation,         )
                                     )     **DISTRICT COURT**
            Defendants.              )     **FILED**

### ORIGINAL SUMMONS
SEP - 8 2017

**DON NEWBERRY, Court Clerk**
**STATE OF OKLA. TULSA COUNTY**

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

          OLD REPUBLIC GENERAL
          INSURANCE CORPORATION

To the above-named Defendant(s)

          You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

          Issued this ___30___ day of _____8_____, 2017    DON NEWBERRY, Court Clerk

                                        County Court Clerk

                              By _____
                                        Deputy Court Clerk

(Seal)

          This summons and order was served on

                                        _____
                                        (Signature of person serving summons)

          YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
          **Return ORIGINAL for filing.**

**PERSONAL SERVICE**

I certify that I received the foregoing Summons the _____ day of_____, 2017, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |
| | | |

**USUAL PLACE OF RESIDENCE**

I certify that I received the foregoing Summons on the _____ day of_____, 2017, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

**NOT FOUND**

Received this Summons this _____ day of_____, 2017. I certify that the following persons of the defendant within named not found in said County: _____.

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Old Republic General Ins. Corp.
c/o John Doak, OIC
ATTN: Legal Dept.
Five Corporate Plaza
3625 NW 56th Ste. 100
OKC, OK 73112

9590 9402 2370 6249 6294 51

2. Article Number (Transfer from service label)
7017 0660 0000 3938 3353

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent
                    ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

RECEIVED
FRONT DESK
SEP 05 2017
OKLAHOMA INSURANCE DEPT.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**CERTIFICATE OF SERVICE BY MAIL**

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the 31st day of August, 2017, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| Old Republic General Ins. corp. c/o OIC | 3625 NW 56th Ste.101 OKLOK 73112 | 9/5/17 |

_____
Signature of person mailing summons

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

STATE OF OKLAHOMA

TERRY PHILLIP CROW,                        §          CJ-2017-03461
                                           §
         Plaintiff,                        §
                                           §
v.                                         §
                                           §
OLD REPUBLIC GENERAL INSURANCE             §          
CORPORATION, a Foreign Corporation;        §          SEP 2 2 2017
and GALLAGHER BASSETT SERVICES,            §
INC., a Foreign Corporation,               §          DON NEWBERRY, Court Clerk
                                           §          STATE OF OKLA. TULSA COUNTY
         Defendants,                       §

## DEFENDANT GALLAGHER BASSETT SERVICES, INC.'S ORIGINAL ANSWER

COMES NOW, Defendant, GALLAGHER BASSETT SERVICES, INC., and files

this its Original Answer in the above-styled and numbered cause of action, as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Defendant is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 1 of Plaintiff's Petition.

2.    Defendant is without sufficient knowledge or information to admit or deny the

allegations contained in paragraph 2 of Plaintiff's Petition.   However, on information and

belief, Gallagher Bassett Services, Inc., admits Old Republic General Insurance

Corporation is a foreign corporation.

3.    Defendant admits it is a foreign corporation authorized to conduct business

in Oklahoma, and denies the remainder of paragraph 3 of Plaintiff's Petition.   Defendant

denies it has substantial ties to Tulsa.

4.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Petition.

5.      Defendant does not dispute jurisdiction in the State of Oklahoma. There is diversity of parties and the case is properly subject to Federal jurisdiction.

## STATEMENT OF FACTS

6.      Paragraph 6 of Plaintiff's Petition does not require a response.

7.      Defendant does not dispute paragraph 7 of Plaintiff's Petition.

8.      Defendant does not dispute paragraph 8 of Plaintiff's Petition.

9.      Defendant denies the allegations contained in paragraph 9 of Plaintiff's Petition.   Defendant only has knowledge that Plaintiff alleged to have been involved in an accident with an individual named Cargill. The existence of and severity of Plaintiff's claimed personal injury is in dispute.

10.      On information and belief, Defendant believes Old Republic does not dispute the existence of an insurance policy covering the vehicle Plaintiff drove at the time of the accident Plaintiff alleges occurred.

11.      Plaintiff did advise of his intent to pursue a claim and any such notice of claim would have been provided to Old Republic. Defendant denies all other allegations contained in paragraph 11 of Plaintiff's Petition.

12.      Defendant denies all of the allegations contained in paragraph 12 of Plaintiff's Petition.

13.      Defendant denies all of the allegations contained in paragraph 13 of Plaintiff's Petition.

14.      Defendant denies all of the allegations contained in paragraph 14 of

Plaintiff's Petition.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiff's Petition.    Defendant conditions the denial to state Plaintiff did submit a demand for payment at some point in time and provided some records of his selection. The remainder of this paragraph is denied.

16.     Defendant admits that records pertaining to some of Plaintiff's medical complaints were received.  It is not disputed that Liberty Mutual paid what may have been its policy limits to Plaintiff.  Defendant denies the remainder of the allegations contained in paragraph 16 of Plaintiff's Petition.

17.     Defendant admits an offer of payment was made by or on behalf of Old Republic.  Defendant denies the remainder of the allegations contained in paragraph 17 of Plaintiff's Petition.

18.     Defendant denies all of the allegations contained in paragraph 18 of Plaintiff's Petition.

19.     Defendant denies all of the allegations contained in paragraph 19 of Plaintiff's Petition.

20.     Defendant denies all of the allegations contained in paragraph 20 of Plaintiff's Petition.

21.     Defendant denies all of the allegations contained in paragraph 21 of Plaintiff's Petition.

22.     Defendant denies all of the allegations contained in paragraph 22 of Plaintiff's Petition.

## CAUSE OF ACTION

## COUNT I. BREACH OF CONTRACT AGAINST ARCH INSURANCE COMPANY

23.     Paragraph 23 does not require a response. Pleading further, Plaintiff references Arch Insurance Company and Defendant denies involvement with Arch Insurance Company as related to Plaintiff's claim.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Petition with regard to the phrase "by operation of law."

25.     Defendant denies all of the allegations contained in paragraph 25 of Plaintiff's Petition.

26.     Defendant denies all of the allegations contained in paragraph 26 of Plaintiff's Petition.

27.     Defendant denies all of the allegations contained in paragraph 27 of Plaintiff's Petition.

28.     Defendant denies all of the allegations contained in paragraph 28 of Plaintiff's Petition.

## COUNT II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST ARCH INSURANCE COMPANY AND GALLAGHER BASSETT

29.     Paragraph 29 of Plaintiff's Petition does not require a response.  Pleading further, Plaintiff references Arch Insurance Company and Defendant denies involvement with Arch Insurance Company as related to Plaintiff's claim.

30.     Defendant denies all of the allegations contained in paragraph 30 of Plaintiff's Petition.   Defendant is not an insurance carrier and does not issue policies of insurance.

31.    Defendant denies all of the allegations contained in paragraph 31 of Plaintiff's Petition.  Defendant does not deny Plaintiff has made one or more demands, including the claim for money in this lawsuit.   The remainder of this paragraph is denied.

32.    Defendant denies all of the allegations contained in paragraph 32 of Plaintiff's Petition.

33.    Defendant denies all of the allegations contained in paragraph 33 of Plaintiff's Petition.

34.    Defendant denies all of the allegations contained in paragraph 34 of Plaintiff's Petition, and Defendant denies all of the allegations contained in sub-paragraphs a. through k of paragraph 34 of Plaintiff's Petition.

35.    Defendant denies all of the allegations contained in paragraph 35 of Plaintiff's Petition.

## COUNT III – PUNITIVE DAMAGES AGAINST ARCH INSURANCE COMPANY AND GALLAGHER BASSETT

36.    Defendant denies all of the allegations contained in paragraph 36 of Plaintiff's Petition.   Pleading further, Plaintiff references Arch Insurance Company and Defendant denies involvement with Arch Insurance Company as related to Plaintiff's claim.

37.    Defendant denies all of the allegations contained in paragraph 37 of Plaintiff's Petition.

38.    Defendant denies all of the allegations contained in paragraph 38 of Plaintiff's Petition.

## PRAYER ALLEGED BY PLAINTIFF

Defendant denies Plaintiff is entitled to any and all of relief for which he prays.

### **AFFIRMATIVE DEFENSES**

39.     Defendant denies each and every allegation of Plaintiff's Petition not specifically admitted herein.

40.     Plaintiff's claims are barred by the doctrine of estoppel.

41.     Plaintiff's claim may be barred by limitations.

42.     Plaintiff has failed to mitigate his damage, if any.

43.     To the extent Plaintiff prays for an award of punitive damages, Defendant invokes its rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.  Defendant affirmatively pleads that Plaintiff's claim for punitive damages violates the due process clauses of the Fifth and Fourteenth Amendments inasmuch as:

1.     Punitive damages can be assessed in an amount left to the discretion of the jury and judge;

2.     To the extent an improper standard and burden of proof is utilized;

3.     While subjected to the risk of a potential award, Defendant does not have the right to refuse to testify against itself, but must in fact take the stand and/or give deposition testimony or subject itself to the consequences of a default judgment;

4.     The assessment of punitive damages is not based upon a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites of such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means and scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

5.   In essence, Defendant is subject to all of the hazards and risk of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but Defendant receives none of the basic rights accorded to criminal Defendants when they are subjected to possible criminal penalties.

44.   Pleading further, 23 O.S. Sec. 39.1 is unconstitutional.  Any punitive damage claim must be denied as premised on a statute that is vague and the enforcement of which would constitute an unlawful taking.

45.   The damages alleged by Plaintiff and which are denied, were solely caused by the conduct of a third party over which Defendant has no control or dominion.

46.   Punitive damages may not be awarded on any standard less than by clear and convincing evidence.

47.   Defendant denies privity of contract with Plaintiff.  Defendant specifically denies existence of a contract between it and Plaintiff.

48.   Defendant may discover additional affirmative defenses as this matter proceeds and reserves the right to assert those affirmative defenses at that time.  Therefore, Defendant alleges each and every defense available under FED. R. CIV. P. 8(c) to the extent such defense may become applicable as disclosure and/or discovery proceeds.

49.   Defendant demands a trial by jury.

50.   Contrary to Plaintiff's Complaint, Gallagher Bassett Services, Inc., is not an insurer.   Gallagher Bassett Services, Inc., owes no duty of care to Plaintiff.

51.   Gallagher Bassett Services, Inc., has no special relationship with Plaintiff.

52.   Gallagher Bassett Services, Inc., disputes it owes Plaintiff a duty of good faith and fair dealing.

53.   Gallagher Bassett Services, Inc., was not a Plan Administrator with primary control over a determination of benefits to be paid to Plaintiff.

54.   Gallagher Bassett Services, Inc., compensation is not tied to premiums paid or increase or decrease in relation to losses.

55.   Gallagher Bassett Services, Inc., does not share the risk of Plaintiff's claimed loss with Co-Defendant, Old Republic General Insurance Corporation.

56.   Gallagher Bassett Services, Inc.'s authority with regard to Plaintiff was limited or alternatively, no authority was extended.

57.   Gallagher Bassett Services, Inc., does not bear the financial risk of loss for Plaintiff's claim asserted against Old Republic General Insurance Corporation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that Plaintiff take nothing by his Petition; that the Petition be dismissed; that Defendant be awarded its costs and reasonably-incurred attorneys' fees and that the Court award Defendant such other relief as may be just and proper.

Respectfully submitted,

By _____

James Nicholas Crews
OBA #30850
FULKERSON & CREWS, PLLC
P. O. Box 701290
Tulsa, Oklahoma   74170
(918) 794-8186 Telephone
(918) 794-9078 Facsimile
ncrews@fclawok.com

and

Deanne C. Ayers
Pending *Pro Hac Vice*
AYERS & AYERS
4205 Gateway Drive, Suite 100
Colleyville, Texas   76034
817-267-9009 Telephone
817-318-0663  Facsimile
dayers@ayersfirm.com

ATTORNEYS FOR DEFENDANT
GALLAGHER\BASSETT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the __22-0__ day of September, 2017, a true and correct copy of the foregoing document was served on the Plaintiff by mailing the same to the Plaintiff's attorney of record, via certified mail, return receipt requested, as follows:

Donald E. Smolen
Laura L. Hamilton
701 South Cincinnati Avenue
Tulsa, Oklahoma   74119

James Nicholas Crews



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

TERRY PHILLIP CROW,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CJ-2017-3461
                                       )
OLD REPUBLIC GENERAL INSURANCE         )        Judge Kuehn
CORPORATION, a Foreign Corporation;    )
AND GALLAGHER BASSETT SERVICES,        )
INC., a Foreign Corporation,           )
                                       )
        Defendants.                    )

DISTRICT COURT
FILED
SEP 22 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## DEFENDANT OLD REPUBLIC GENERAL INSURANCE CORPORATIONS' ANSWER TO PLAINTIFF'S PETITION

Defendant Old Republic General Insurance Corporation ("Old Republic") submits the following answer to Plaintiff's Petition:

### PARTIES, JURISDICTION AND VENUE

1.      Upon information and belief, Old Republic admits the allegations in Paragraph 1 of the Petition.

2.      Old Republic admits it is a foreign corporation which does business in Oklahoma. Old Republic denies it has "substantial ties" to Tulsa County, Oklahoma.

3.      Old Republic admits Gallagher Bassett is a foreign corporation which does business in Oklahoma. Old Republic denies the remaining allegations in Paragraph 3 of the Petition.

4.      Old Republic admits the allegations in Paragraph 4 of the Petition.

5.      Old Republic admits the allegations in Paragraph 5 of the Petition.

### STATEMENT OF FACTS

6.      Paragraph 6 of the Petition does not require an answer of Old Republic.

7.    Upon information and belief, Old Republic admits the allegations in Paragraph 7 of the Petition.

8.    Upon information and belief, Old Republic admits the allegations in Paragraph 8 of the Petition.

9.    Old Republic admits Plaintiff was involved in an accident with Mr. Cargill on November 9, 2015. Old Republic denies the remaining allegations in Paragraph 9 of the Petition.

10.    Old Republic admits the allegations in Paragraph 10 of the Petition.

11.    Old Republic admits the allegations in Paragraph 11 of the Petition.

12.    Old Republic admits Gallagher is involved in Plaintiff's claim for UM/UIM benefits. Old Republic denies the remaining allegations in Paragraph 12 of the Petition.

13.    Old Republic denies the allegations in Paragraph 13 of the Petition.

14.    Old Republic denies the allegations in Paragraph 14 of the Petition.

15.    Old Republic admits that on June 2, 2017 Plaintiff submitted a UM/UIM demand to Defendants with a CD containing medical records along with a medical authorization but otherwise denies the allegations of Paragraph 15 of the Petition as worded.

16.    Old Republic admits that the records and bills submitted on June 2, 2017 reflected a two-level fusion and that by June 2, 2017 Liberty had tendered its policy limits of $100,000 and that Plaintiff demanded payment of his UM/UIM claim but otherwise denies the allegations in Paragraph 16 of the Petition.

17.    In addition to the $100,000 Plaintiff received from Liberty, the tortfeasor's liability carrier, Old Republic admits it offered Plaintiff an additional $50,000 from his UM/UIM policy. Otherwise Old Republic denies the remaining allegations in Paragraph 17 of the Petition as worded.

18.     Old Republic denies the allegations in Paragraph 18 of the Petition as worded.

19.     Old Republic asserts that the referenced August 21, 2017 letter speaks for itself and otherwise denies the allegations in Paragraph 19 of the Petition as worded.

20.     Old Republic denies the allegations in Paragraph 20 of the Petition.

21.     Old Republic denies the allegations in Paragraph 21 of the Petition.

22.     Old Republic denies the allegations in Paragraph 22 of the Petition.

CAUSE OF ACTION

## COUNT I. BREACH OF CONTRACT AGAINST ARCH (sic) INSURANCE COMPANY

23.     Paragraph 23 of the Petition does not require an answer of Old Republic.

24.     Old Republic admits that Plaintiff has UM/UIM coverage through his policy but otherwise denies the allegations in Paragraph 24 as worded.

25.     Old Republic denies the allegations in Paragraph 25 of the Petition.

26.     Old Republic denies the allegations in Paragraph 26 of the Petition.

27.     Old Republic denies the allegations in Paragraph 27 of the Petition.

28.     Old Republic denies the allegations in Paragraph 28 of the Petition.

COUNT II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
AGAINST ARCH INSURANCE COMPANY (sic) AND GALLAGHER BASSETT

29.     Paragraph 29 of the Petition does not require an answer of Old Republic.

30.     Old Republic denies the allegations in Paragraph 30 of the Petition.

31.     Old Republic admits the allegations in Paragraph 31 of the Petition.

32.     Old Republic denies the allegations in Paragraph 32 of the Petition.

33.     Old Republic admits it owes certain duties afforded by law to an insured. Old Republic denies it breached any duty owed to Plaintiff.

34.    Old Republic denies the allegations in Paragraph 34 of the Petition, including subparts (a) through (k).

35.    Old Republic denies the allegations in Paragraph 35 of the Petition.

## COUNT III – PUNITIVE DAMAGES AGAINST ARCH INSURANCE COMPANY (sic) AND GALLAGHER BASSETT

36.    Paragraph 36 of the Petition does not require an answer of Old Republic.

37.    Old Republic denies the allegations in Paragraph 37 of the Petition.

38.    Old Republic denies the allegations in Paragraph 38 of the Petition.

39.    Old Republic denies the allegations and request for damages contained in the prayer for relief or any other portion of the Petition and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    Statute of limitations.

2.    Plaintiff's Petition fails to state a claim upon which relief may be granted.

3.    Old Republic did not breach any contract with Plaintiff.

4.    At all pertinent times Old Republic acted in good faith and dealt fairly with Plaintiff.

5.    To the extent Plaintiff's Petition seeks exemplary or punitive damages, it violates the double jeopardy clause and Old Republic's right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of Oklahoma, Old Republic's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma, and violates Old Republic's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Oklahoma. Further, Plaintiff's demand for punitive damages is barred by the "ex post facto"

clause of Article I, Section 10 of the United States Constitution, and the corresponding provision of the Oklahoma Constitution and, therefore, should be dismissed.

6.      Further, to the extent Plaintiff seeks exemplary or punitive damages, Plaintiff's Petition violates Old Republic's rights under the contracts clause of Article I, Section 10 of the United States Constitution, as applicable.

7.      Further, to the extent Plaintiff seek exemplary or punitive damages, such claim must be stricken because Oklahoma's punitive damage statute, 23 O.S. §9.1 does not limit the jury's consideration of harm to this particular Plaintiff, but instead allows consideration of harm or potential harm to others, and thereby constitutes an unlawful taking without due process and violates the interstate commerce clause of the United States Constitution. *See, BMW of North America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996); *Phillips Morris USA v. Williams*, 127 S.Ct. 1057 (2007); *Moody v. Ford Motor Company*, 506 F.Supp.2d 823 (N.D. Okla. 2007).

8.      Further, to the extent Plaintiff seeks exemplary or punitive damages, such should be denied due to the following additional reasons:

a.      An award of compensatory damages, if granted, would fully compensate Plaintiff and Plaintiff has no standing to recover funds assessed against Old Republic as punishment or as an example to others;

b.      Plaintiff's claim for punitive damages should be subject to the requirement that in order to provide due process to Old Republic, pursuant to the protections of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the Constitution of the State of Oklahoma, Plaintiff should be compelled to establish any such claim for punitive damages beyond a reasonable doubt and that any alleged award should be required to be established by the determination of a unanimous jury;

5

c.     Since the relative position of the parties may be considered under the laws of this state and other states an award of punitive damage would constitute an impermissible punishment of the status of Old Republic;

d.     Oklahoma law providing for a possible award of punitive damages is impermissibly vague, imprecise and inconsistent and, therefore, is violative of the due process clause and the Fifth and Fourteenth Amendments of the United States Constitution; and

e.     Since there are multiple defendants as parties to this action, because of the likelihood of confusion of submission of claims of punitive damages against various and multiple defendants with differing circumstances, such a submission would violate the Defendants' right of a fair trial and its rights of equal protection and due process of law under the Constitutions of the United States and the State of Oklahoma.

9.     Further, as to any punitive damage claims, Old Republic is entitled to a trial which:

a.     bifurcates the issues of liability and punitive damages; and

b.     establishes an effective limit of jury discretion as to the amount, if any, of any punitive damages to be awarded.

10.    23 O.S. §9.1 is unconstitutional in that it discriminates against corporations and wealthy persons.

11.    Old Republic specifically reserves the right to amend its Answer and add additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered, Old Republic prays that Plaintiff take nothing by way of his Petition and that it be dismissed with an award of attorneys' fees and costs to Old Republic for its defense of this matter, and for any further relief the Court deems just and equitable.

6

Respectfully submitted,

Curtis J. Roberts, OBA #19923
FRANDEN | FARRIS | QUILLIN
   GOODNIGHT + ROBERTS
2 W. 2nd Street, Ste. 900
Tulsa, Oklahoma 74103
(918)583-7129
(918)584-3814 (f)
croberts@tulsalawyer.com

and

Of Counsel (Pro Hac Admission Sought)
David J. Schubert
Texas State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com
Schubert & Evans, P.C.
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR DEFENDANT
OLD REPUBLIC**

## CERTIFICATE OF SERVICE

    I certify that on the **22** day of September, 2017, I caused a true and correct copy of the above document to be delivered, via U.S. Mail and electronic mail, to the following:

Donald E. Smolen, II
Laura L. Hamilton
SMOLEN SMOLEN & ROYTMAN
701 South Cincinnati Ave.
Tulsa, Oklahoma 74119

Curtis J. Roberts

7